United States District Court
Southern District of Texas

**ENTERED**

March 08, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-16-1588 |
| v. | § | (Criminal Number H-09-445) |
| | § | |
| SHERMAN W. PIERCE, | § | |
| | § | |
| Defendant/Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Sherman W. Pierce, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 26).[1]  On September 1, 2016, the court stayed this action pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544 (Order, Docket Entry No. 38).  The United States has now filed a Motion to Lift Stay and for Summary Dismissal (Docket Entry No. 39).

On November 12, 2009, petitioner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and on February 12, 2010, petitioner was sentenced within the advisory Sentencing Guideline range to 71 months in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 24).

---

[1]All docket entry references are to Criminal No. H-09-445.

The Court has carefully reviewed Pierce's § 2255 Motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to his motion is not required.

Pierce argues that he is entitled to habeas relief because his sentence was enhanced under "the residual clause" because of a prior conviction in violation of the holding in Johnson v. United States, 135 S. Ct. 2551 (2015). (§ 2255 Motion, Docket Entry No. 26, p. 3)  In Johnson the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague.  In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review.

Pierce's sentence was not based on the ACCA, and the ACCA did not affect his advisory sentencing guideline range.  (Nor was his guideline range or his sentence affected by 18 U.S.C. § 16, which defines a "crime of violence.")  Instead, his base offense level of 20 was calculated pursuant to U.S.S.G. § 2K2.1(a)(4)(A) based on a felony conviction for murder, which was a "crime of violence" pursuant to § 4B1.2(a) and Application Note 1 to the Commentary to § 4B1.2.   See Presentence Investigation Report, Docket Entry No. 20, p. 5.  Application Note 1 stated that a "crime of violence"

-2-

includes murder . . ."   In <u>Beckles v. United States</u>, 2017 WL 855781, at *13 (March 6, 2017), the court held that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."   Therefore, even assuming arguendo that Pierce's guideline range was calculated using the residual clause definition of a crime of violence, the Court's decision in <u>Beckles</u> forecloses Pierce's claim.   The court therefore concludes that Pierce is not entitled to relief under § 2255.

Accordingly, the United States' Motion to Lift Stay and for Summary Dismissal (Docket Entry No. 39) is **GRANTED**; and Pierce's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 26) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Pierce and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 8th day of March, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-3-